**ALISON EMEIGH**                       *       **IN THE**
833 S. Linwood Avenue
Baltimore, Maryland 21224               *       **CIRCIUT COURT**

c/o DISCEPOLO, LLP                      *       **OF**
 8850 Columbia 100 Parkway
Columbia, Maryland 21044                *       **PRINCE GEORGE'S COUNTY**

       **Plaintiff.**        *       Case No.: _____

v.                                      *

**TOYOTA MOTOR SALES, USA, INC.**       *
2055 West 190th Street
Torrance, CA 90504                      *

**Resident Agent:**                     *
The Corporation Trust, Inc.
2405 York Road                          *
Suite 201
Lutherville-Timonium, Maryland 21093    *

-AND-                                   *

**TOYOTA MOTOR NORTH**                  *
**AMERICA, INC.**
19001 South Western Avenue             *
Torrance, CA 90501
                                        *

**Resident Agent:**                     *
CT Corporation System
1999 Bryan Street                       *
Suite 900
Dallas, TX 75201                        *

-AND-                                   *

**TOYOTA MOTOR ENGINEERING &**          *
**MANUFACTURING NORTH**
**AMERICA, INC.**                       *
19001 South Western Avenue
Torrance, CA 90501                      *

**Resident Agent:**                     *
CT Corporation System
1999 Bryan Street

1

Suite 900                                    *
Dallas, TX 75201
                                             *
-AND-
                                             *

**TOYOTA MOTOR CORPORATION**
1 Toyota-Cho                                 *
Toyota City, Aichi Prefecture
471-3571 Japan

      **Defendants.**

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

     Plaintiff, Alison Emeigh, by and through her attorneys, A. Donald C. Discepolo, Brandon

T. Wolven, and Discepolo LLP, hereby sues the Toyota Motor Engineering & Manufacturing

North America, Inc., Toyota Motors North America, Inc., Toyota Motor Sales, USA, Inc., and

Toyota Motor Corporation as a result of injuries sustained in an auto accident caused by a faulty

and defective Toyota Motors rear-end suspension product liability, and in support thereof states

as follows:

## PARTIES

     1.    Plaintiff Alison Emeigh ("Plaintiff" hereinafter) was the owner and operator of the

2009 Toyota RAV4 which is subject to the cause of action herein. The Plaintiff is a resident of

Queen Anne's County, Maryland. This cause of action arose in Prince George's County,

Maryland.

     2.    Defendant Toyota Motors Sales, USA, Inc. ("Defendant Toyota Sales" hereinafter)

is a business entity incorporated in the State of Maryland, with its principal place of business in

the State of California located at 2055 West 190th Street, Torrance, CA 90504. Defendant Toyota

Sales' Resident Agent, The Corporation Trust, Inc., is located within the State of Maryland at

2405 York Road, Suite 201, Lutherville-Timonium, Maryland 21093. Defendant Toyota Sales

offers Toyota Motors products within the State of Maryland, including but not limited to, Queen Anne's County, Maryland where the Plaintiff purchased her 2009 Toyota RAV4.

3.     Defendant Toyota Motor North America ("Defendant TNA" hereinafter) is a business entity incorporated in the State of Texas, with its principal place of business located at 19001 South Western Avenue, Torrance, CA 90501. Defendant TNA's Resident Agent, CT Corporation System, is located within the State of Texas at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.     Defendant Toyota Motors Engineering & Manufacturing North America, Inc. ("Defendant TEMA" hereinafter) is a business entity incorporated in the State of Texas, with its principal place of business located at 19001 South Western Avenue, Torrance, CA 90501. Defendant TEMA's Resident Agent, CT Corporation System, is located in the State of Texas at 1999 Bryan Street, Suite 900, Dallas, Texas 75201

5.     Defendant Toyota Motors Corporation ("Defendant Toyota" hereinafter) is a business entity organized and established in Aichi Prefecture, Japan. Defendant Toyota conducts business in the United States, as all of the above-listed Defendants are wholly owned by and subsidiary to Defendant Toyota.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this matter pursuant to Md. Code Ann., *Courts and Judicial Proceedings Art.*, § 1-501, §6-103(1), §6-103(4), §6-103(5)and § 6-202(11) as the cause of action arose in Prince George's County, Maryland.

7.     Venue in Prince Georges County is proper pursuant to Md. Code Ann., *Courts and Judicial Proceedings Art.*, § 6-201(b), as the cause of action arose in Prince George's County, Maryland.

3

## FACTS

8.   On or about August 16, 2013, the Plaintiff purchased a 2009 Toyota RAV4 from KOONS Toyota Motors Dealership located at 1100 West Street, Annapolis, Maryland 21401 for approximately Two-Thousand Three Hundred Dollars ($2,300.00).

9.   The Plaintiff purchased said 2009 Toyota RAV4 without any substantial change and/or alteration to its original condition, and the 2009 Toyota RAV4 was in the same condition at the time of injury hereafter alleged.

10.   On or about July 27, 2014 at approximately 12:13 PM, the Plaintiff was traveling on Maryland Route 495 at Maryland Route 450 in the second lane, when the Plaintiff's 2009 Toyota RAV4 rear-end suspension arm separated and disengaged from the vehicle resulting in complete loss of vehicle control. By no fault of the Plaintiff, the Plaintiff's vehicle swerved into the first lane of Maryland Route 495 striking the median guardrail barrier, then striking a 2007 Mitsubishi Outlander, before coming to a complete stop.

11.   As a result of the accident, the Plaintiff suffered and sustained severe bodily injuries to her shoulder, arm, neck and jaw. The Plaintiff was rushed to Doctors Community Hospital located at 8118 Good Luck Road, Lanham, MD 20706, where she was assessed and treated accordingly. As a result of the accident, the Plaintiff was diagnosed with a sprained shoulder, sprained arm, and a crush-injury to her jaw causing acute temporomandibular joint disorder ("TMJ" hereinafter).

12.   As a result of the incident, the Plaintiff contacted Toyota Motors Sales, USA, Inc. claims department indicating that she was involved in an accident as a result of a defect to her vehicle. At which point, Toyota Motor Sales, USA, Inc. claims department opened a claim and investigation regarding the Plaintiff's 2009 Toyota RAV4. (Toyota Claim No. 1407280595)

4

13.     On or about September 16, 2014, approximately 2 months after the Plaintiff's accident, Toyota Motors Sales, USA, Inc. and Toyota Motors Engineering and Manufacturing North America issued a recall notice (Recall ID No. 94116) in the mail indicating a defect relating to the 2009 Toyota RAV4 rear-end suspension. Among other information regarding the 2009 Toyota RAV4 recall, the recall notice received by the Plaintiff on September 16, 2014 indicated that approximately 780,000 vehicles at that time were subject to this product defect recall, leading the Plaintiff to reasonable believe and understand Toyota Motors Sales, USA, Inc. was aware of the defect in the 2009 Toyota RAV4.

14.     According to the National Highway Traffic Safety Administration- Part 573 Safety Recall Report 16V-596, (a report created as a result of Toyota's August 2016 recall), Toyota Motor Engineering and Manufacturing North America, a North American manufacturing subsidiary to Toyota Motors Corporation, is recalling certain Toyota RAV4 vehicles that were manufactured during the production period of 2006 -2011. Part 573 Safety Recall Report states further:

> "In the Rear Suspension Arm No. 1 Assembly (hereinafter called
> "arm") of the subject vehicles [2009 Toyota RAV4], if the nuts for
> adjusting the rear wheel alignment are improperly tightened when
> the alignment is performed in the field, backlash may develop at
> the threaded portion of the arm (shaft and turn-buckle), followed
> by the formation of rust. If this condition occurs, and if the
> inspection and repair procedure is not properly followed under the
> existing remedy, the threads may wear over time, causing the arm
> to separate, which could result in loss of vehicle control and
> increase the risk of a crash."

15.     Prior to and at the time of the accident, the Plaintiff was unaware of any potential rear-end suspension defects in her 2009 Toyota RAV4, thus she did not voluntarily assume any known risks by operating the 2009 Toyota RAV4 on a Maryland highway. Furthermore, the

Plaintiff was not contributory negligent in causing the 2009 Toyota RAV4 rear-end suspension to separate and disengage.

## COUNT I- STRICT LIABILITY-DESIGN DEFECT- PRODUCT LIABILITY
### (Plaintiff Against All Defendants)

16.     Plaintiff adopts and incorporates herein by reference, as if specifically set for herein, the averments of paragraphs 1 through 15 above.

17.     Plaintiff is a resident of Queen Anne's County, Maryland.   The cause of action herein arose in Prince George's County, Maryland. The Plaintiff is the owner of the defective 2009 Toyota RAV4 in question herein.

18.     Defendant Toyota is a Japanese corporation engaged in the design, manufacture and sale of automobiles, including but not limited to, the 2009 Toyota RAV4. The principal place of business of Defendant Toyota is Aichi Prefecture, Japan. However, Defendant Toyota wholly owns each of the above-mentioned Defendant subsidiaries who, individually and collectively, are engaged in the design, manufacture, assemble and sale of automobiles within the United States of America, particularly within the State of Maryland.

19.     On or about August 16, 2013, the Plaintiff purchased a used 2009 Toyota RAV4 from the KOONS Toyota Motors Dealership located at 1100 West Street, Annapolis, MD 21401. The Plaintiff's 2009 Toyota RAV4 in question here was designed, manufactured, assembled and sold by Defendant Toyota and the above-mentioned Defendant subsidiaries.

20.     The 2009 Toyota RAV4 was placed into the stream of commerce and sold by Defendant Toyota and the Defendant subsidiaries in a defective and unreasonably dangerous condition because the 2009 Toyota RAV4 has rear-end suspension arm adjusting lock nuts that, when improperly tightened, will develop backlash at the threaded portion of the rear-end suspension arm (shaft and turn-buckle), then will develop premature formation of rust around the

6

lock nuts, causing the rear-end suspension arm to separate and disengage, which will result in complete loss of vehicle control and an increased risk of crash and injury.

21.    The Plaintiff purchased said 2009 Toyota RAV4 without any substantial change and/or alteration to its original condition, and the 2009 Toyota RAV4 was in the same condition at the time of injury hereafter alleged.

22.    On or about July 27, 2014 at approximately 12:13 PM, the Plaintiff was traveling on Maryland Route 495 at Maryland Route 450 in the second lane, when the Plaintiff's 2009 Toyota RAV4 rear-end suspension arm separated and disengaged from the vehicle resulting in complete loss of vehicle control. By no fault of the Plaintiff, the Plaintiff's vehicle swerved into the first lane of Maryland Route 495 striking the median guardrail barrier, then striking a 2007 Mitsubishi Outlander, before coming to a complete stop.

23.    Prior to and at the time of the accident, the Plaintiff was unaware of any potential rear-end suspension defects in her 2009 Toyota RAV4, thus she did not voluntarily assume any known risks by operating the 2009 Toyota RAV4 on a Maryland highway. Furthermore, the Plaintiff was not contributory negligent in causing the 2009 Toyota RAV4 rear-end suspension to separate and disengage.

24.    As a direct and proximate result of the defect described above, the Plaintiff suffered severe bodily injuries to her body, including but not limited to a sprained shoulder, sprained wrist, and a crush-injury to her jaw resulting in acute temporomandibular joint disorder ("TMJ" herein). Furthermore, as a result of the defect, the Plaintiff has incurred significant medical expenses and damages, pain and suffering.

WHEREFORE, Plaintiff Alison Emeigh demands judgment against the Defendant Toyota Motors Corporation, Defendant Toyota Motors Engineering and Manufacturing North

America, Defendant Toyota Motors Sales, USA, Inc., and Defendant Toyota Motors North America, Inc., jointly and severally, in an amount in excess of $75,000.00.

## COUNT II- NEGLIGENT DESIGN AND/OR MAINTENANCE- PRODUCT LIABILITY
### (Plaintiff Against All Defendants)

25.    Plaintiff adopts and incorporates herein by reference, as if specifically set for herein, the averments of paragraphs 1 through 24 above.

26.    Defendant Toyota is a Japanese corporation engaged in the design, manufacture and sale of automobiles, including but not limited to, the 2009 Toyota RAV4. The principal place of business of Defendant Toyota is Aichi Prefecture, Japan. However, Defendant Toyota wholly owns each of the above-mentioned Defendant subsidiaries who, individually and collectively, are engaged in the design, manufacture, assemble and sale of automobiles within the United States of America, particularly within the State of Maryland.

27.    Defendant Toyota and the Defendant subsidiaries designed, manufactured, assembled, and sold a defect product because the 2009 Toyota RAV4 had rear-end suspension arm adjusting lock nuts that, when improperly tightened, developed backlash at the threaded portion of the rear-end suspension arm (shaft and turn-buckle), then prematurely developed formation of rust around the lock nuts, causing the rear-end suspension arm to separate and disengage, resulting in a complete loss of vehicle control and increasing risk of crash and injury.

28.    Defendant Toyota and the Defendant subsidiaries owed a duty to the Plaintiff when it designed, manufactured, assembled, and sold the 2009 Toyota RAV4 to ensure that the product being sold was reasonably safe to be used for its intended purpose.

29.    The Defendants knew or should have known that the 2009 Toyota RAV4 was defective as a result of the rear-end suspensions ability to separate and disengage resulting in a complete loss of vehicle control and creating an unreasonable risk of crash and injury.

8

30.    The Defendants were negligent by failing to properly design, manufacture, assemble, and sell the 2009 Toyota RAV4 to the Plaintiff, thus creating an unreasonable risk to the Plaintiff as a resulted of the defective rear-end suspension separating and disengaging causing a complete loss of vehicle control, and an unreasonable risk of crash and injury.

31.    Prior to and at the time of the accident, the Plaintiff was unaware of any potential rear-end suspension defects in her 2009 Toyota RAV4, thus she did not voluntarily assume any known risks by operating the 2009 Toyota RAV4 on a Maryland highway. Furthermore, the Plaintiff was not contributory negligent in causing the 2009 Toyota RAV4 rear-end suspension to separate and disengage.

32.    As a direct and proximate result of the Defendants' negligence described above, the Plaintiff suffered severe bodily injuries to her body, including but not limited to a sprained shoulder, sprained wrist, and a crush-injury to her jaw resulting in acute TMJ. Furthermore, as a result of the Defendants' negligence, the Plaintiff has incurred significant medical expenses and damages, pain and suffering.

WHEREFORE, Plaintiff Alison Emeigh demands judgment against the Defendant Toyota Motors Corporation, Defendant Toyota Motors Engineering and Manufacturing North America, Defendant Toyota Motors Sales, USA, Inc., and Defendant Toyota Motors North America, Inc., jointly and severally, in an amount in excess of $75,000.00.

## COUNT III- STRICT LIABILITY- ABNORMALLY DANGEROUS ACTIVITY-
## PRODUCTS LIABILITY
### (Plaintiff Against All Defendants)

33.    Plaintiff adopts and incorporates herein by reference, as if specifically set for herein, the averments of paragraphs 1 through 31 above.

9

34.     Defendant Toyota is a Japanese corporation engaged in the design, manufacture and sale of automobiles, including but not limited to, the 2009 Toyota RAV4. The principal place of business of Defendant Toyota is Aichi Prefecture, Japan. However, Defendant Toyota wholly owns each of the above-mentioned Defendant subsidiaries who, individually and collectively, are engaged in the design, manufacture, assemble and sale of automobiles within the United States of America, particularly within the State of Maryland.

35.     The Defendants, collectively, are in the business of designing, manufacturing, assembling, and selling automobiles, including but not limited to the 2009 Toyota RAV4 in question, which when used for its intended purpose create an abnormally dangerous activity, and expose the Plaintiff to unreasonable risks in the event of a crash.

36.     At all times relevant herein, the Defendants had complete control over the design, manufacture and assemble of the 2009 Toyota RAV4.

37.     At no times relevant herein, the 2009 Toyota RAV4 in question underwent any substantial change and/or alteration to its condition, and that the 2009 Toyota RAV4 was in the same condition at the time of injury hereafter alleged.

38.     On or about July 27, 2014 at approximately 12:13 PM, the Plaintiff was traveling on Maryland Route 495 at Maryland Route 450 in the second lane, when the Plaintiff's 2009 Toyota RAV4 rear-end suspension arm separated and disengaged from the vehicle resulting in complete loss of vehicle control. By no fault of the Plaintiff, the Plaintiff's vehicle swerved into the first lane of Maryland Route 495 striking the median guardrail barrier, then striking a 2007 Mitsubishi Outlander, before coming to a complete stop.

39.     Prior to and at the time of the accident, the Plaintiff was unaware of any potential rear-end suspension defects in her 2009 Toyota RAV4, thus she did not voluntarily assume any

10

known risks by operating the 2009 Toyota RAV4 on a Maryland highway. Furthermore, the Plaintiff was not contributory negligent in causing the 2009 Toyota RAV4 rear-end suspension to separate and disengage.

40.     As a direct and proximate result of the defect described above, the Plaintiff suffered severe bodily injuries to her body, including but not limited to a sprained shoulder, sprained wrist, and a crush-injury to her jaw resulting in acute temporomandibular joint disorder ("TMJ" herein). Furthermore, as a result of the defect, the Plaintiff has incurred significant medical expenses and damages, pain and suffering.

WHEREFORE, Plaintiff Alison Emeigh demands judgment against the Defendant Toyota Motors Corporation, Defendant Toyota Motors Engineering and Manufacturing North America, Defendant Toyota Motors Sales, USA, Inc., and Defendant Toyota Motors North America, Inc., jointly and severally, in an amount in excess of $75,000.00.

## COUNT IV- VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT
### (Plaintiff Against All Defendants)

41.     Plaintiff adopts and incorporates herein by reference, as if specifically set for herein, the averments of paragraphs 1 through 38 above.

42.     The prohibition of unfair and deceptive trade practice under Maryland law extends to any misrepresentation that consumer goods are of a particular quality and any failure to state a material fact if the failure deceives or intends to deceive. *See* Md. Code Com. Law §§13-101, *et seq.*

43.     Defendants herein committed unfair and deceptive trade practices in violation of the Maryland Consumer Protection Act by marketing, distributing, and selling Toyota Vehicles, particularly the 2009 Toyota RAV4, that lacked adequate protection from defects that may cause the rear-end suspension arm to separate and disengage, and by failing to disclose material facts

11

that the 2009 Toyota RAV4 was equipped with rear-end suspension arm adjusting lock nuts that, when improperly tightened, developed backlash at the threaded portion of the rear-end suspension arm (shaft and turn-buckle), then would prematurely developed formation of rust around the lock nuts, causing the rear-end suspension arm to separate and disengage, resulting in a complete loss of vehicle control. In marketing, distributing and selling the 2009 Toyota RAV4, the Defendants intended for the Plaintiff to rely upon the Defendants' misrepresentations and omissions of material facts concerning the defects of the rear-end suspension and the Plaintiffs overall safety operating the vehicle.

44.    The Defendants' unfair and deceptive acts or practices were likely to and did deceive a reasonable consumer, including the Plaintiff herein. The Plaintiff's 2009 Toyota RAV4 was unsafe for ordinary use, diminished in value, unmerchantable, and an unreasonable risk to the Plaintiff's safety.

45.    Prior to and at the time of the accident, the Plaintiff was unaware of any potential rear-end suspension defects in her 2009 Toyota RAV4, thus she did not voluntarily assume any known risks by operating the 2009 Toyota RAV4 on a Maryland highway. Furthermore, the Plaintiff was not contributory negligent in causing the 2009 Toyota RAV4 rear-end suspension to separate and disengage.

46.    As a direct and proximate result of the Defendants' unfair and deceptive business practices described above, the Plaintiff purchased the 2009 Toyota RAV4 which later resulted in the rear-end suspension separating and disengaging causing the Plaintiff to suffer severe bodily injuries to her body, including but not limited to a sprained shoulder, sprained wrist, and a crush-injury to her jaw resulting in acute temporomandibular joint disorder ("TMJ" herein).

12

Furthermore, as a result of the defect, the Plaintiff has incurred significant medical expenses and damages, pain and suffering.

WHEREFORE, Plaintiff Alison Emeigh demands judgment against the Defendant Toyota Motors Corporation, Defendant Toyota Motors Engineering and Manufacturing North America, Defendant Toyota Motors Sales, USA, Inc., and Defendant Toyota Motors North America, Inc., jointly and severally, in an amount in excess of $75,000.00.

Respectfully submitted,

A. Donald C. Discepolo
don@discepolollp.com
Brandon T. Wolven
brandon@discepolollp.com
DISCEPOLO LLP
8850 Columbia 100 Parkway
Suite 310
Columbia, Maryland 21044
*Attorneys for Claimant*

### Demand for Jury Trial

The Plaintiff respectfully demands a jury trial in this matter.

A. Donald C. Discepolo